IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FELICIA O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-640-KFP |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Felicia O. filed a Complaint seeking review of the

Social Security Administration's decision denying her application for disability insurance

and supplemental security income benefits. Doc. 1. The Court construes Claimant's

supporting brief (Doc. 19) as a motion for summary judgment and the Commissioner's

opposition brief (Doc. 22) as a motion for summary judgment. The parties have consented

to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C.

§ 636(c). Doc. 18.

Upon review of the record and the pending motions, the Court finds that Claimant's

motion for summary judgment is due to be DENIED, the Commissioner's motion for

summary judgment is due to be GRANTED, and the decision of the Commissioner is due

to be AFFIRMED.

## I.      STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla" – i.e., the evidence "must do more than create a suspicion of the existence of the fact to be established," and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (first citing *Walden v. Schweiker*, 672 F.2d 835, 838–39 (11th Cir. 1982); and then citing *Richardson*, 402 U.S. at 401); *accord Edwards v.*

*Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam).

## II.    BACKGROUND

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

Claimant protectively filed an application for a period of disability and disability insurance benefits on April 15, 2024, and supplemental security income on July 31, 2022. R. 10, 259–265, 288–292. The Commissioner denied these applications initially and upon reconsideration. R. 10, 124–128, 130–133. On May 7, 2024, Administrative Law Judge (ALJ) Kevin Boucher held a hearing. R. 58–78. On June 18, 2024, ALJ Boucher held a supplemental hearing. R. 46–57. On August 12, 2024, ALJ Boucher issued an unfavorable decision finding Claimant was not disabled. R. 7–28. On June 20, 2025, the Appeals Council denied Claimant's request for review. R 1–6.

Claimant was 45 years old on her alleged onset date of disability of July 31, 2022. R. 20, 259. She has a tenth-grade education and past relevant work as a certified nurse's assistant, restaurant cook, and deboner in a chicken plant. R. 354–355. She alleged inability to work due to kidney problems. R. 354.

After careful review and evaluation of the medical evidence of record and testimony at the hearing from Claimant, the ALJ found Claimant was not disabled. R. 16–20. *See* 20

C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since July 31, 2022, the alleged onset date. R. 12. At step two, the ALJ found that Claimant had the following severe impairments: urinary tract disorder, depression, posttraumatic stress disorder (PTSD), thyroid gland disorder, and borderline intellectual functioning. R. 13. At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. R. 13. Considering the entire record, the ALJ determined that Claimant had the residual functional capacity (RFC) for a modified range of light work. R. 16. At step four, the ALJ found that Claimant was unable to perform any past relevant work. R. 20. Therefore, the ALJ proceeded to step five and relied on the testimony of the vocational expert (VE) to find there were jobs that existed in significant numbers in the national economy that Claimant could perform. R. 21. Therefore, the ALJ found Claimant was not disabled from July 31, 2022, the alleged onset date, through August 12, 2024, the date of the decision. R. 21–22.

## III.   ISSUES ON APPEAL

On appeal, Claimant presents the sole issue of "[w]hether substantial evidence supports a denial of benefits where the ALJ erred in his decision by relying on the vocational testimony absent clarification about the work accommodations required by limitations in the RFC." Doc. 19 at 9.

## IV.    DISCUSSION

### A.    The ALJ's finding is supported by substantial evidence.

Claimant argues that the ALJ's step five findings are not supported by substantial evidence because there was a conflict between the VE testimony and the language in SSR 85-15 and POMS § DI 25020.010. Doc. 19 at 10, 12. Claimant notes that the RFC included a limitation that "[t]he claimant would need help making plans, defined as needing more than normal direction for adaptation to future work setting changes." Doc. 19 at 10 (citing R. 16). Claimant describes the definition of "unskilled work" under SSR 85-15(1) and POMS § DI 25020.010(A)(3)(a) include demands such as the ability to "deal with changes in a routine work setting" and "[s]ustain an ordinary routine without special supervision" and "[r]espond appropriately to changes in a routine work setting." Doc. 19 at 10–11. Claimant argues that the limitations in her RFC "preclude the ability to deal with changes in a routine work setting without the need for special supervision" and therefore she is precluded from engaging in unskilled work "without a special work condition or accommodation." Doc. 19 at 11.

"The Commissioner bears the burden at step five 'to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.'" *Albra v. Acting Comm'r of Soc. Sec.*, 825 F. App'x 704, 708 (11th Cir. 2020) (per curiam)[1] (quoting *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018)). "The 'critical inquiry' at this stage 'is whether jobs exist in the national economy

---

[1] Here, and elsewhere in this Opinion, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

in significant numbers that the claimant could perform in spite of his impairments.'" *Id.* (quoting *Washington*, 906 F.3d at 1360). "In making this determination, the ALJ may consider information from the DOT and the testimony of the VE." *Id.*

Notably, the question here "is not whether the expert's testimony is supported by substantial evidence[,] [i]t is whether the ALJ's decision is supported by substantial evidence." *Pace v. Comm'r of Soc. Sec.*, 760 F. App'x 779, 781 (11th Cir. 2019) (per curiam). "For a vocational expert's testimony to constitute substantial evidence, 'the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'" *Id.* (quoting *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)). "Further, [even if] the . . . data presented by [Claimant] could support an alternative finding, the question for the Court is whether substantial evidence supports the ALJ's findings, not whether the record could support a different one." *Olney v. Comm'r of Soc. Sec.*, 2018 WL 4760799, at *14 (M.D. Fla. July 30, 2018).

"[A]n ALJ has an affirmative duty to identify and resolve apparent conflicts between a vocational expert's testimony and information in the Dictionary of Occupational Titles [DOT] pursuant to SSR 00-4p[.]" *Wooten v. Comm'r of Soc. Sec.*, 787 F. App'x 671, 674 (11th Cir. 2019) (per curiam) (citing *Washington*, 906 F.3d at 1356, 1362–63, 1365– 66). "An 'apparent conflict' . . . is a conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony." *Washington*, 906 F.3d at 1365. "At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns

out not to be the case." *Id.* If the ALJ fails to discharge this duty, then substantial evidence does not support the ALJ's decision. *Id.*

SSR 00-4P provides "[w]hen there is an apparent unresolved conflict between VE or VS evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." 2000 SSR LEXIS 8, at *4–5 (Dec. 4, 2000). Further, "[n]either the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information." *Id.*

Finally, "[w]hen a plaintiff alleges that an ALJ's decision is not supported by substantial evidence, 'we will look only to the evidence actually presented to the ALJ." *Wooten*, 787 F. App'x at 675 (quoting *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998)).

Here, the ALJ found Claimant has the RFC to perform light work, but that Claimant required "help making plans, defined as needing more than normal direction for adaptation to future work setting changes." R. 16. During the hearing, the ALJ provided a hypothetical that described Claimant "would need help making plans." R. 75. After the ALJ provided this hypothetical, the following exchange occurred:

> VE: Now what do you mean by need help making plans?
> ALJ: The adaptation to work changes, for future changes, they would need more than normal direction.
> VE: I'm not sure I understand. You said adaptation of future changes?

> ALJ: Yes ma'am, to future—to work setting changes that would be in the future.
> VE: Okay. So past work is precluded.
> ALJ: Is there any work available in the national economy?
> VE: There would be, Your Honor.

R. 75–76. The VE then provided three examples of light exertional level jobs available in the economy. R. 76.

Notably, after the back and forth between the ALJ and the VE, when the ALJ asked both Claimant and Claimant's attorney whether they had any questions for the VE, neither of them had any questions. R. 77. Finally, in the ALJ's decision, the ALJ found "[p]ursuant to SSR-00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." R. 21.

While Claimant argues that there is a conflict between the VE's testimony and "whether the [Claimant] would have the requisite mental capabilities critical for performing unskilled work as defined in SSR 85-15 and POMS § DI 25020.010(B)(3)(f), (m)," Doc. 19 at 13, Claimant never presented any objection to the VE's testimony during the hearing, R. 77. Claimant did not argue that there was any discrepancy between the requirements for unskilled work and the job discussed during the hearing. R. 77. Claimant also did not challenge the list of available jobs the VE provided during the hearing. *Wooten*, 787 F. App'x at 675 (finding that where the VE's testimony was uncontradicted, that the VE "provided the ALJ with substantial evidence in the record supporting the ALJ's decision.").

Claimant also argues there was an inconsistency between the VE's testimony and "the minimum requirements for unskilled work" as defined by SSR 85-15, POMS § DI

8

25020.010(B)(3)(f), (m), and agency policy. Doc. 19 at 13. Claimant concedes that this conflict is "not specifically addressed in the DOT." Doc. 19 at 13.

"The SSA has promulgated the POMS as 'publicly available operating instructions for processing Social Security claims.'" *Wells v. Comm'r of Soc. Sec.*, 430 F. App'x 785, 786 (11th Cir. 2011) (per curiam) (quoting *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003)). "[T]hese administrative interpretations are not products of formal rulemaking." *Id.* (quoting *Keffeler*, 537 U.S. at 385). The Eleventh Circuit has determined that "although the SSA's POMS can be persuasive, it does not have the force of law." *Id.* (citing *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003)). Because POMS does not have the force of law, the Eleventh Circuit held that it "need not address whether the Commissioner adhered to the POMS." *Id.* at 787. Likewise, "Social Security Rulings are not binding on this Court." *Jones v. Comm'r of Soc. Sec.*, 423 F. App'x 936, 939 n.4 (11th Cir. 2011) (per curiam); *see Razz v. Commm'r of Soc. Sec.*, 2017 U.S. Dist. LEXIS 35333, at *15–17 (M.D. Fla. Mar. 13, 2017) (finding that the ALJ was not obligated to apply the POMS and SSR 85-15 standards when assessing the claimant's impairments).

Claimant presents no argument concerning how the DOT conflicted with the VE testimony. Instead, Claimant argues only that a Social Security Ruling and the POMS conflict with the VE testimony. Doc. 19 at 10, 12–13. However, in reaching a decision, the ALJ is not bound by the POMS or Social Security Rulings. *Wells*, 430 F. App'x at 787; *Jones*, 423 F. App'x at 939 n.4.

Ultimately, Claimant has not shown the ALJ failed to resolve a conflict between the DOT and VE testimony. Claimant cites to *Bennett v. Comm'r of SSA* and argues because that case involved a limitation related to SSR 85-15 and POMS § DI 25020.010 and it was remanded, this case is also due to be remanded. Doc. 19 at 11–12 (citing *Bennett v. Comm'r of SSA*, 2021 U.S. Dist. LEXIS 59360 (M.D. Fla. Mar. 29, 2021)). However, the basis for remand in *Bennett* was that "the ALJ seemed to discount, without explanation," the doctors' limitations concerning certain instructions and the need to work with supportive, communicative supervisors and caring support staff. 2021 U.S. Dist. LEXIS 59360, at *37. In that context, the Middle District of Florida discussed the description of "unskilled work" in SSR 85-15 and the limitations in POMS DI 25020.010, and the court found that given the lack of explanation, the RFC assessment was not supported by substantial evidence. On remand, the ALJ was required to reconsider the opinions of non-examining sources and explain what weight was being afforded to each source. *Id.* at 37–38. The basis for the remand and the discussion of SSR 85-15 and the POMS had no connection to a conflict between the VE testimony and DOT.

Likewise, Claimant cites to *Blackwood v. Comm'r of Soc. Sec.*, and urges that like the discrepancy resolved in *Blackwood*, here, the ALJ was similarly required to "resolve the discrepancy between the requirements critical for unskilled work and the SVP 2 jobs offered at Plaintiff's hearing[.]" Doc. 19 at 13 (citing *Blackwood v. Comm'r of Soc. Sec.*, 2025 U.S. Dist. LEXIS 174669 (M.D. Fla. Aug. 15, 2025)). However, Claimant's comparison does not hold up. In *Blackwood*, the Middle District of Florida reversed and remanded the ALJ's decision to determine whether there was a conflict between the DOT

10

and VE testimony. 2025 U.S. Dist. LEXIS 174669, at \*7–20 (M.D. Fla. Aug. 15, 2025). Here, Claimant is not arguing that there is a conflict between the DOT and VE testimony. Claimant's argument depends wholly on the alleged inconsistency with the VE testimony and POMS and social security rulings, not an inconsistency between the VE testimony and the DOT. Doc. 19 at 11, 13.

When considering whether the ALJ's decision is supported by substantial evidence, the Court does not look at whether the VE testimony is consistent with agency policy, social security rulings, or the POMS, as Claimant has argued. Instead, the Court looks at whether the VE testimony is substantial evidence. *Pace*, 760 F. App'x at 781 (noting that the question on appeal is "whether the ALJ's decision is supported by substantial evidence."). "For a vocational expert's testimony to constitute substantial evidence, 'the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'" *Id.* (quoting *Jones*, 190 F.3d at 1229). Here, the ALJ did that. The ALJ faced no "apparent conflict" between the DOT and VE testimony. *Washington*, 906 F.3d at 1365 ("An 'apparent conflict' . . . . is a conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony."). Claimant has failed to show the absence of substantial evidence based on the argument there was a conflict between the VE testimony, agency policy, social security rulings, or the POMS. Thus, because there was no apparent conflict between the DOT and VE testimony, the ALJ's finding is supported by substantial evidence.

## V.    CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence. Accordingly, it is ORDERED as follows:

1.    Claimant's Motion for Summary Judgment (Doc. 19) is DENIED;

2.    The Commissioner's Motion for Summary Judgment (Doc. 22) is GRANTED; and

3.    The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 8th day of April, 2026.

_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE